ELISHA RIGGS, plaintiff in error, *v.* GEORGE SAVAGE, defendant in error.

## *Error to Warren.*

In an action of ejectment brought by A. against B. a trial was had, and verdict and judgment rendered in favor of B. At the next term, on motion of plaintiff, the following order was entered, to wit: "This day came the plaintiff by his attorney, and on his motion it is ordered, that this cause be reinstated on the docket, it being proven to the satisfaction of the Court, that the costs have been paid." One year afterwards, the defendant moved the Court to strike the cause from the docket, and the plaintiff entered, at the same time, a cross motion for leave to amend the record. The latter was overruled, and the former sustained. The plaintiff then moved to try the cause, although stricken from the docket, but the motion was overruled: *Held,* that the application to amend was addressed to the sound discretion of the Court, and that a refusal to grant the amendment could not be assigned for error: *Held,* also, that if the proper application had been made to the Court to vacate the judgment, at the time the cause was reinstated upon the docket, a new trial trial would have been granted as a matter of course.

EJECTMENT in the Warren Circuit Court, brought by the plaintiff in error against the defendant in error. The cause, after the lapse of several terms of Court and sundry proceedings therein, was stricken from the docket at the November term 1845, the Hon. Norman H. Purple presiding. Those proceedings and the reasons which led to this determination will appear in the progress of this report.

The cause was submitted on written arguments of the counsel.

*W. A. Minshall,* for the plaintiff in error.

This was an action of ejectment in which, at the June term of the Warren Circuit Court, A. D. 1844, a trial was had and verdict and judgment for defendant. At the next November term 1844, plaintiff intending to avail himself of the first opportunity of the right under the ejectment law of 1839, to obtain a new trial, paid the costs as the thirtieth section of this Act requires, and moved the Court to vacate the judgment and grant a new trial, which was allowed, but the Clerk entered the order in the following form: "Elisha

Riggs v. George Savage. This day came the plaintiff by his attorney, and on his motion it is ordered, that the cause be reinstated on the docket, it being proved to the satisfaction of the Court that the costs have been paid." At the same term the following minutes were made by the clerk of said Court: "Elisha Riggs v. George Savage. This cause to be reinstated."

That portion of the thirtieth section under which the motion and order were made, reads as follows: "The Courts in which judgment shall be rendered at any time within one year thereafter, upon the application of the party against whom the same was rendered, his heirs or assigns, and upon the payment of all costs and damage recovered thereby, shall vacate such judgment and grant a new trial." At the November term of the Court, 1845, one term having intervened between the term when the cause was reinstated and this term, on the calling of the cause for trial and after the year had expired, by reason of the legislature altering the time of holding the Court, making the term one week later than it was before, defendant moved the Court to strike the case from the docket, to which plaintiff objected, and made a cross motion to amend the order of Court herein made at the November term 1844, by reference to the orders of the Court made at the June term 1844, and the November term 1844, and the entry of the clerk in his minutes at the November term 1844, so as to make the order full and perfect in form, and read, that the judgment was vacated and a new trial granted, so as to conform to what was unquestionably the intention of the parties and the design of the Court in reinstating the cause upon the docket. But the Court refused the motion of plaintiff and struck the cause from the docket, and this is assigned for error. This question can only be solved by a sound construction of the thirtieth section of the Ejectment Law of 1839 and the order herein. This section gives the party, against whom a judgment is rendered, a new trial as a matter of right, without showing any cause, on the payment of costs within one year on application of the party. The order herein is, "that the cause be

reinstated on the docket, it being proved to the satisfaction of the Court that the costs have been paid." This order shows on its face, that the plaintiff had complied with the whole condition of the law upon which he was to have a new trial, to wit, the payment of the costs, and making his application by moving the Court within the year to reinstate the cause on the docket for that purpose. Now, for what purpose within the meaning of this section and the phraseology of this order, it being an ejectment cause under this statute, was this cause reinstated on the docket? The very term "reinstate" signifies nothing more than merely the docketing the cause. The term "reinstate," used in connection with this power, shows, that the case was to be placed in the same condition as it was before the trial and judgment. Unquestionably, then, it was reinstated for the purposes of further trial, and this is, in effect, granting a new trial, and virtually vacates the judgment.

The action of ejectment, as regulated by our statute, is peculiar, and under its provisions this order can have no other construction or effect. To all intents, for the purposes of another trial, this cause was in Court and properly on the docket. But because the order does not in terms say, the judgment is vacated and a new trial granted, the defendant claims that the cause is not in Court, and moves to strike it from the docket, as though the statute prescribed a specified form for such order.

It should be borne in mind, that this motion of defendant's was not made till after one term of this Court intervened between the time when this cause was reinstated and the term of this Court in 1845, when the year had expired, and all the rights of plaintiff and opportunity of claiming a trial, gone, and thus, by this motion and decision, defendant makes the former judgment a final bar and conclusive upon plaintiff and all persons claiming under him, of his right and title to the premises. Laws of 1838–9, 225, § 29. The Court will not permit a party in this covert way, to lie in wait with a dilatory motion, till all opportunity has passed of counteracting it, but will require the party seeking to avail him-

self of such a motion, to make it at the first opportunity and in apt time.

The counsel for defendant admit the order is perfect; if so, why strike the case from the docket; for they pretend that it might have been put on the docket for some other purpose; if it is perfect for any purpose, it must be so for some substantial purpose under the provisions of the ejectment law, and the only object contemplated by that Act in reinstating the cause on the docket, after one trial on the payment of costs, is for the purpose of another trial. It has never been the practice under this Act, nor does this Act contemplate any such practice as to docket this cause and then move to vacate the judgment. But the new trial is granted if the Court is satisfied that the costs have been paid, and the application made within the year, the Court then reinstates the cause for a new hearing. There is no particular mode or form specified in the Act, in what form this shall appear upon the record.

It is said by defendant's counsel, "that the record does not show any attempt of the plaintiff to procure the judgment to be vacated. If the counsel will take the whole of the order, and particularly that portion of it which shows that it was proved to the satisfaction of the Court that the costs were paid, and also that portion which directs the cause to be "reinstated," they will find the assertion is without foundation; for it will appear from these provisions of the order, that the motion was in effect, and the Court and all parties at the time must have considered it, a motion for a new trial under the Act. And the cross motion at the November term 1845, was only to perfect the order to suit the critical exactness of the counsel at that term, and to retain the cause in Court, and not, as they pretended, a motion at the November term 1845, to vacate the judgment.

The assumption of defendant's counsel, and declaration, that the order was proper to place the cause on the docket for the purpose of moving to vacate the judgment, as a preliminary step, is more ingenious than sound; for there is nothing to try on such an occasion. The right to have the judgment vacated, and a new trial granted at this stage of

the proceeding, after one trial and verdict, is not disputable. There is nothing to contest; all the Court is to know, is, whether the costs have been paid and the year unexpired. The right is absolute, without any other let or hindrance. The Court does not ascertain this by a trial on a motion, but simply by the production of the receipt by the party from the officers of the Court to whom the fees are due, and then orders the cause to be reinstated; or to make a formal and technica entry, would direct that the judgment be vacated, a new trial granted, and the cause docketed. But, in substance, this does not amount to anything more than simply ordering the case to be reinstated on the docket.

I do not differ with the counsel as to the object of an amendment, but cannot accede to the critical distinction they make in saying, " that it is one thing to reinstate a cause, and another and a distinct thing to vacate a judgment and order a new trial." In my judgment, this is a distinction without any difference. I can conceive a very nice distinction between docketing a cause, generally speaking, without reference to any particular class of case or action, in a technical sense,—for instance, in *assumpsit*, or trespass, or case, a cause may be said to be docketed, and it would mean nothing more than that such a case was on the docket. But when it is ordered by the Court, on proof of costs having beeen paid, an ejectment can be reinstated on the docket, and in connection with the proceedings, under the provisions of the Act of 1839, after one trial and judgment, means something more. The reinstating of the cause on the docket under that Act, after one trial has been had, on the Court being satisfied that the costs have been paid, and the appliction made within the year, is virtually granting a new trial, which, of necessity, vacates the former judgment; and we insist, that all we aimed to do, was to perfect in form the previous order by the cross motion, and not to make a new one.

2. Was this order amendable? This question also depends upon the construction of the same section of the Ejectment Law, and the order herein made. On the facts

Riggs *v.* Savage.

disclosed by this order, we insist, that although it is not in form, yet is a substantial compliance with the Act, and the order is only defective in form; if so, the authorities cited do not oppose our position, on the ground that it is only a misprision of the clerk, and enough appears on the record to show that the amendment should have been made. The Court will exercise its equitable powers on this motion to amend to further the ends of justice. *Hart* v. *Reynolds*, 3 Cowen, note *a*, 42, 44.

It is contended that this amendment being refused, is not assignable for error, and two cases cited in 2 Scam. They were not cases coming within the statute of amendments. One was a motion to amend an appeal bond on the trial of a forcible entry and detainer, and the statute did not authorize an amendment of the bond, and the Court said, that in such case the motion was addressed to the discretion of the Court, and not assignable for error. The other was a petition and summons, and motion to amend. That was a case also not within the amendment acts, and decided, as in the other case, the refusal not assignable for error. We contend, that in cases coming within the statutes of amendment, a different rule would obtain and the discretion of the Court must be governed by legal rules, and must be a legal discretion, and and if exercised in either way contrary to such rules, a ground for revisal and reversal in a superior Court.

3.   There is one error assigned in this case, which the counsel have not thought proper to notice. We insist, that by virtue of the previous order of the Court, and the facts appearing on the record, the case, if in Court for any purpose, was there for the purpose of trial, and claimed a trial of the cause, and for that purpose insisted on trying the cause, which the Court refused and gave judgment against the plaintiff for costs, both of which, in refusing to try the cause, and in entering judgment for costs against plaintiff, are assigned for error. Surely the plaintiff cannot be subjected to two judgments for costs, as the record in the cause shows, when he has had but one trial. It is hard enough in all conscience, if he is deprived of his title to the land by the sum-

mary operation of the motion striking his cause from the docket, after the expiration of the year, without any fault of his, when he had complied, substantially, with every provision of the law on his part, and the other party had also acquiesced in the presumption, and had acted on it in setting the case over one term without making the motion, and after the expiration of the year comes in, and by this operation makes the former judgment operate as a conclusive bar against plaintiff's title, for a slight omission of the clerk in entering the order of the Court. But to subject the plaintiff, in addition to a record judgment for costs, without any trial, and when he is supposed not to be in Court, would indeed be a reproach to the law. For these reasons, we insist that this judgment should be reversed, and the cause remanded, with directions to place the cause again on the docket for further trial.

*A. Williams & A. Johnston,* for the defendant in error.

In this cause, which was an action of ejectment, there was a trial and verdict for defendant at the June term 1844, of the Warren Circuit Court. At the November term 1844, on motion of the plaintiff, it was reinstated on the docket. At the November term 1845, defendant moved to strike it from the docket, and plaintiff moved to amend the record of the order to reinstate, so as to vacate the judgment and grant a new trial, *nunc pro tunc,* as of the November term 1844. The Court refused to amend the record, and struck the case from the docket, which decisions are assigned for error.

The statute, regulating the action of ejectment, entitles either party, as a matter of right, upon payment of costs, to apply to the Court within one year, to vacate the judgment and grant a new trial, and the granting of the application is a matter of course. Had the plaintiff, within one year from the rendition of the judgment, availed himself of this provision of the statute, the new trial would have been granted, as of course.

But at the first term after the trial and judgment, the plain-

tiff comes in, and moves the Court to reinstate the cause upon the docket, which is done. No other motion is made by the plaintiff, nor does it appear that any other was intended. The record does not show any attempt of the plaintiff to procure the judgment to be vacated, until November term 1845; nor is there any pretence made by affidavit, or otherwise, that he had attempted or intended to make such an application. For aught that appears, it was the intention of the plaintiff to reinstate the cause on the docket, at that term, and no more; and the order, as entered upon his motion, is proper and sufficient for that purpose.

At the November term 1845, the time allowed for vacating the judgment having passed by, without any order to that effect, the plaintiff moves the Court to strike the cause from the docket. And therefore, the plaintiff, under a proposition to amend the record, moves the Court to extend the order, reinstating the cause, so as (retrospectively) to vacate the judgment and grant a new trial, in the manner as if the application had been made twelve months before. This would be no amendment. The first order is proper and complete, so far as it goes. The Court may reinstate a cause for the purpose of hearing a motion; the motion may be granted or denied; in either event, the motion to reinstate would be proper, as a preliminary step. It was for the plaintiff either at that term, or the next, to have pursued his object (if such object he had) by moving to vacate the judgment. And having neglected to do this, he cannot now, without any evidence, or allegation even, of mistake or misprision, without the pretence of any previous attempt or intention so to do; in short, "without any thing whatever to amend by," require the Court, upon a bare conjecture of his former purpose, to enter a new and totally different order, from that originally made, under the name of "an amendment."

The object of amendments is, not to substitute a new order in place of one previously made, but to reduce into proper form an order which has been informally entered. It is one thing to reinstate a case on the docket, and another and a distinct thing, to vacate a judgment and order a new trial.

In this case, there was no informal order to correct. The order is in form and sufficient, and there was no attempt made to enter such an order, as is now sought to be entered by way of amendment.

After the term is ended, clerical misprisions only can be amended; and an error in making, or omitting an order in the order book, is a judicial, not a clerical error. 1 U. S. Dig. 157, §§ 371–2; *Vaughan* v. *Freeland,* 6 Call, 14.

During the same term at which the judgment is given, it is amendable at common law in form or in substance; but, after that term, it is amendable no further than is allowed by the statutes of amendments. Upon these statutes it has been held, that, if there be *any thing to amend by,* the judgment may be amended *in point of form* for the misprision of the clerk. 2 Tidd's Pr. 942.

There is not in this case any allegation of error whatever; and, clearly, there is no misprision of the clerk, for the order, as moved by the plaintiff, and directed by the Court, is entered with due formality on the record.

But, in the second place, the application to amend is one addressed to the discretion of the Court, whose record is sought to be amended; and when that Court, in the exercise of its discretion, has refused the amendment asked for, the Supreme Court will not reverse that decision.

The granting of leave to enter judgment *nunc pro tunc* is, in all cases, discretionary in the Courts, &c. 2 Tidd's Pr. 933.

A motion to amend is addressed to the discretion of the Court, and the decision of such motion cannot be assigned for error. *Warren* v. *McHatton,* 2 Scam. 33, and the cases cited at the end of the case. Also, *Harlan* v. *Scott,* Ib. 66.

Amendments of records are matters properly within the discretion of the Court below, and its refusal to permit them is not error. 1 U. S. Dig. 158, §382; Ibid, 162, §§494, 495; *Thatcher* v. *Miller,* 13 Mass. 170; *Hutchinson* v. *Crossen,* 10 do. 257; *Varnum* v. *Bissell,* 24 Pick. 191; *Guilford* v. *Adams,* 19 do. 376; *Mandeville* v. *Wilson,* 5 Cranch, 15; *Marine Ins. Co.* v. *Hodgman,* 6 do. 206; *United States* v. *Buford,* 3 Peters, 12.

Such amendments may be made where there is something to amend by, but a Judge has no authority to amend the defects or omissions in the records of a previous term, from his memory or knowledge of the facts omitted; and the amendments are not the subject of revision in a higher Court. 1 U. S. Dig. 157, §§ 352, 356, 357.

As to the case referred to by the plaintiff's counsel in the 2d volume of Cowen's Reports, and the other cases there cited, it may be remarked,

· 1. That the amendment proposed was consented to, in every case, by the other party to the proceeding.

2. It was opposed by third persons, who had notice of the judgments, sought to be supported, and had no equity against the amendments.

3. That there was in each of these cases something to amend by, and it was evident that the entry upon the record was intended to have been made pursuant to the previous proceedings, and was defectively entered, or omitted to be entered.

4. That the Courts place the several cases expressly upon their peculiar circumstances, and lay down no rule for other cases.

5. That the application was made to the Court having control of the record, and was not an appeal to a Supreme Court, after the exercise of its discretion by the Court having control of the record, and its refusal to permit the amendment.

The Opinion of the Court was delivered by

YOUNG, J. This was an action of *Ejectment*, brought by Riggs, the plaintiff in error, against Savage, the defendant in error, to the November term of the Warren Circuit Court 1843, to recover possession of the south east quarter of section four (4), in township eleven (11) north, range three (3) west, of the fourth principal meridian, in Warren county, containing one hundred and sixty acres. The defendant pleaded "not guilty" at the same term, a trial was had by a

jury at the June term 1844, a verdict of "not guilty" found, and a judgment rendered in favor of the defendant for costs.

At the November term 1844, the following order was made on motion of the plaintiff's attorney, to wit: "This day came the plaintiff by his attorney, and on his motion it is ordered, that this cause be reinstated on the docket, it being proven to the satisfaction of the Court that the costs have been paid."

At the November term 1845, the defendant's attorney moved the Court to strike the cause from the docket, and the plaintiff's attorney at the same time entered a cross motion for leave to amend the record. The plaintiff's cross motion was overruled, the defendant's motion to strike from the docket was sustained, and the cause stricken from the docket accordingly. The plaintiff's attorney then moved to try the cause, notwithstanding the same had been stricken from the docket, which motion was also overruled by the Court, and judgment rendered against the plaintiff for costs.

To these several decisions of the Court, exceptions were taken by the plaintiff's attorney, and the following are now assigned as causes of error in this Court, to wit:

1.  The Circuit Court erred in overruling the plaintiff's cross motion to amend the order made at the November term 1844, reinstating the cause upon the docket.

2.  The Court erred in sustaining the defendant's motion to strike said cause from the docket.

3.  The Court erred in refusing to sustain the plaintiff's motion to try the cause after the same had been stricken from the docket, and in rendering judgment against the plaintiff for costs; and

4.  In giving judgment for the defendant, when, by law, judgment should have been rendered for the plaintiff.

The statute regulating the action of ejectment provides, among other things, "that the Court, in which judgment shall be rendered, shall at any time within a year after the rendition of such judgment, upon the application of the party against whom the same may be rendered, his heirs or assigns, and

upon the payment of all the costs and damages recovered thereby, vacate such judgment and grant a new trial in such cause."

In this case, it appears that the costs were paid, and the cause reinstated on the plaintiff's motion within the year; but no application was made to vacate the judgment and grant a new trial, as required by the statute. This omission the plaintiff's attorney sought to remedy by his cross motion to amend the record at the November term 1845, but we are of opinion, that the application to amend was addressed to the sound discretion of the Court, and that a refusal to grant the amendment cannot be assigned for error. This doctrine is fully recognized and settled by several former adjudications in this Court, and especially in the cases of *Ogden* v. *Bowen*, 2 Scam. 33, and *Harlow* v. *Scott*, Ib. 66. Had the proper application been made to the Court to vacate the judgment at the time the cause was reinstated upon the docket, the new trial would have been granted as a matter of course. But this not having been done until the November term 1845, the Court very properly decided that the motion came too late. The old law maxim is, "*Vigilantibus et non dormientibus jura subveniunt;*"—"the laws assist the diligent, and not those who sleep upon their rights;" and notwithstanding the law made ample provision for the plaintiff, and he well performed his part by the payment of the costs in time, his attorney has slept upon his rights, and lost by his negligence an important privilege, which would doubtless have been secured by one more careful and attentive to his client's interest.

It is also objected, that the Circuit Court did wrong in awarding costs against the plaintiff, upon striking the cause from the docket, and overruling his motion to vacate the judgment, and to try the cause after it had been stricken from the docket. We can perceive no error in this. The judgment for the costs upon the motions submitted and decided, have no necessary connection with the original judgment for costs in the ejectment suit, which had been pre-

viously paid by the plaintiff, before the cause was brought back upon the docket.

It is nevertheless our opinion, that the plaintiff may still contest his rights by another trial, under the latter clause of the 30th section of the Ejectment Law, which provides, that "the Court upon subsequent application made within one year after the rendering of the second judgment in said cause, if satisfied that justice will thereby be promoted, and the rights of the parties more satisfactorily ascertained and established, may vacate the judgment, and grant another new trial, &c;" if application be made for that purpose in the time prescribed and the Circuit Court, upon showing cause, shall be of opinion that justice will be promoted, and the rights of the parties more satisfactorily ascertained and established, by vacating the judgment, and granting a new trial.

Judgment of the Circuit Court affirmed with costs, and the cause remanded for further proceedings, not inconsistent with this Opinion.

*Judgment affirmed.*